S94A1865. CHICAGOLAND VENDING, INC. v. PARKSIDE CENTER, LTD. et al.

(454 SE2d 456)

HUNT, Chief Justice.

Chicagoland Vending, Inc. (Chicagoland) appeals the superior

court's denial of its motion for an interlocutory injunction; we affirm. Chicagoland is a tenant at Parkside Center Shopping Center (Parkside), where it operates a video arcade. Under the terms of Chicagoland's lease, which was negotiated for Parkside by The Wheeler Group (Wheeler) in 1989, Parkside cannot install or operate amusement devices similar to those operated by Chicagoland, nor can it enter into a lease with any other entity for space in the shopping center for an amusement center or for uses similar to those of Chicagoland. In 1993, Q-Lanta, Inc., d/b/a Q-Zar (Q-Zar) began looking for locations in the Atlanta area for its laser tag amusement centers and hired Wheeler to negotiate with Parkside for space in the shopping center. Learning of Q-Zar's plans, Chicagoland attempted to renegotiate its lease with Parkside; when those efforts proved unsuccessful, Chicagoland filed an injunctive action against Parkside, Kimbrough King, the general partner, Q-Zar, and American Amusement Company, a supplier of amusement machines, to enforce the exclusive use provision of its lease. Chicagoland obtained a temporary restraining order but the order was subsequently dissolved. Chicagoland then sought an interlocutory injunction. That injunction was denied and this appeal followed.

1. Chicagoland argues that the trial court erred in finding that Q-Zar had no constructive knowledge of the exclusive use provision in its lease. We disagree.

Chicagoland's argument proceeds through several steps. First, argues Chicagoland, it is undisputed that Joyce Alverson, an agent for Wheeler who was involved with the lease negotiations between Chicagoland and Parkside in 1989, had actual knowledge of the exclusive use provision of the contract. Chicagoland argues further that Alverson's actual knowledge of the lease provision can be imputed to Wheeler, and that since Wheeler, through Anita Wheeler, another one of its agents, acted as the agent for Q-Zar in its negotiations with Parkside, Wheeler's actual knowledge is imputed to Q-Zar. In short, because Wheeler, as agent for Q-Zar, had knowledge of the exclusive use provision, that knowledge, argues Chicagoland, must be imputed to Q-Zar as the principal.

It is true that the law imputes to the principal all notice or knowledge concerning the subject matter of the agency which the agent acquires while acting as agent and within the scope of his authority, and this includes, subject to certain exceptions,[1] notice or

---

[1] Notice or knowledge will not be imputed where 1) the agent is under a duty not to disclose, and 2) the agent's relations to the subject matter, or his previous conduct, make it uncertain that he will disclose it, and 3) the person claiming the benefit of the notice or those whom he represents colluded with the agent to cheat or defraud the principal. *Fowler v. Latham*, 201 Ga. at 74.

knowledge which he may have acquired previously. *Fowler v. Latham,* 201 Ga. 68, 74 (38 SE2d 732) (1946). However, previously acquired knowledge or notice must be that which the agent, in dealing with a subsequent principal, "then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it." Id. It is undisputed that Q-Zar was unaware of the lease provision. The question, then, is whether Q-Zar had knowledge or notice, in light of what was in the mind of Anita Wheeler, of Chicagoland's exclusive use provision when it signed its lease with Parkside. The clear answer is that it did not. Anita Wheeler, who acted as an agent for Q-Zar, did not act as the agent for Parkside in negotiating the lease with Chicagoland, and she testified, and it is undisputed, that she had no actual knowledge of the lease provision. As she had no actual knowledge of the provision, there is nothing which can be imputed to Q-Zar. Accordingly, injunctive relief against Q-Zar was, as the trial court found, inappropriate. The trial court did not abuse its discretion in denying the temporary injunction and its decision must be affirmed.

2. Our holding in Division 1 renders unnecessary consideration of Chicagoland's remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Wimberly & Lawson, Les A. Schneider, J. Larry Stine,* for appellant.

*John G. Grubb, Alembik, Fine & Callner, Mark E. Bergeson, Drew, Eckl & Farnham, Bruce Taylor,* for appellees.